Shayne Stevenson (*pro hac vice*)
Breanna Van Engelen (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
shaynes@hbsslaw.com
breannav@hbsslaw.com

Ben M. Harrington (SBN 313877)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
benh@hbsslaw.com

Knoll D. Lowney, (*pro hac vice* forthcoming)
Claire Tonry, (*pro hac vice*)
SMITH & LOWNEY, PLLC
2317 E. John Street
Seattle, Washington 98112
Telephone: (206) 860-2883
Facsimile: (206) 860-4187
knoll@smithandlowney.com
claire@smithandlowney.com

*Attorneys for Plaintiff and the Proposed Class*

Danielle Morris (S.B. # 246295)
dmorris@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, California 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994

William K. Pao (S.B. # 252637)
wpao@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

*Attorneys for Defendant Bank of America, N.A.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AUSTIN MILLIKEN,<br><br>               Plaintiff,<br><br>        v.<br><br>BANK OF AMERICA N.A.,<br><br>               Defendant. | No. 3:23-cv-03709-AMO<br><br>**JOINT INITIAL CASE MANAGEMENT STATEMENT** |

011165-12/2358932 V1

1    The Parties to the above-captioned action (the "Action") submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California dated January 17, 2023, Civil Local Rule 16-9, and Rules 16 and 26(f) of the Federal Rules of Civil Procedure. Counsel for the Parties conferred by Zoom on October 10, 2023 for a Rule 26(f) conference.

**1. Jurisdiction** & **Service**

This Court has federal question and diversity jurisdiction under the Class Action Fairness Act over this action under 28 U.S.C. § 1331. Subject matter jurisdiction arises under the Truth in Lending Act, as provided at 15 U.S.C. § 1640(e).

The Parties do not dispute that the Court has personal jurisdiction over Defendant, nor do they dispute that venue is proper in this Court. Bank of America has accepted service of the Class Action Complaint (the "Complaint").

**2. Facts**

*Plaintiff statement:*

This is a nationwide consumer class action case. Plaintiff alleges Bank of America violated the Truth in Lending Act (15 U.S.C. § 1601, *et seq.*) by imposing unlawful interest charges on Plaintiff and the proposed class. Plaintiff brings claims individually and on behalf of all Bank of America consumer credit card cardmembers who carried a card balance from at least one billing period to another between March 2022 and today on a variable rate credit card. Plaintiff also alleges violations of the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*) individually and on behalf of all Bank of America consumer credit card cardmembers who carried a card balance from at least one billing period to another between March 2022 and today on a variable rate credit card while a resident of the State of California.

*Defendant statement:*

Plaintiff holds a variable-rate credit card issued by Bank of America. Compl. ¶ 42. Unlike fixed-rate credit cards, variable-rate cards allow customers to take advantage of future rate decreases, while taking on the risk that rates may increase at times as well. The terms of the Bank's variable-rate cards are disclosed in a Credit Card Agreement that consumers agree to when signing up for a card. Compl. ¶¶ 37 40. Under the terms of that agreement, interest rates for variable-rate cards are tied to—

1  and will increase or decrease along with—the U.S. Prime Rate, a publicly available benchmark interest
2  rate. Dkt. No. 19 Ex. A.
3  Plaintiff alleges that since March 2022 the Bank has adjusted the interest rate on his variable-
4  rate credit card multiple times. Compl. ¶¶ 9, 42. Plaintiff alleges that the Bank applied the new interest
5  rate to future amounts as well as to amounts plaintiff had charged earlier in the billing cycle in which
6  the interest rate adjusted. *See, e.g.*, Compl. ¶ 38. Plaintiff contends that the Bank's application of the
7  new interest rate to purchases made earlier in the applicable billing cycle rendered the Bank's interest
8  rate "proprietary" under the CARD Act rather than "tied to" to the U.S. Prime Rate and that, therefore,
9  retroactive application (which the CARD Act permits for variable-rate cards tied to an index) to
10 charges incurred before the index changed violated TILA, as amended by the CARD Act. Compl. ¶ 41.
11 Plaintiff claims that the rate increases caused him to incur excessive interest during the relevant period.
12 Compl. ¶ 43. Plaintiff asserts claims under the Truth in Lending Act (15 U.S.C. §§ 1601, 1661i-1) and
13 the California Unfair Competition Law (Cal. Bus. & Prof. Code §§17200, *et seq.*) individually and on
14 behalf of all Bank of America consumer credit card cardmembers who carried a card balance from at
15 least one billing period to another between March 2022 and today on a variable rate credit card while
16 a resident of the State of California. Defendant has moved to dismiss plaintiff's claims in their entirety.

**3. Legal Issues**

*Plaintiff statement:*

In addition to the legal question whether to certify the putative class, the core legal issue in this action asks whether Defendant violated the Truth in Lending Act, and California consumer protection law, by applying interest rate increases to cardmembers' protected balances and subsequent transactions without the required statutory notice and without qualification for any exception to the notice requirement, including the statutory exception for certain variable rate card programs.

*Defendant statement:*

This action asks whether it is permissible under the Truth in Lending Act and the California UCL to apply interest rate changes based on a publicly available index retroactively to the charges made beginning on the first day of the billing cycle in which the index changed.

**4. Motions**

JT. CASE MGMT. STMT. - 2
Case No.: 3:23-CV-03709-AMO
011165-12/2358932 V1

**a. Pending motions**

On September 22, 2023, Defendant filed a motion to dismiss Plaintiff's complaint. Dkt. 19. Plaintiff will file a response to that motion by November 21, 2023, and Defendant will file its reply on or before January 20, 2024. A hearing on the motion to dismiss is scheduled for February 22, 2024.

**b. Prior motions**

There are no prior motions.

**c. Anticipated future motions**

Plaintiffs anticipate filing a motion, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), to certify the proposed class of Bank of America consumer credit cardmembers who carried a balance during the relevant period. Both Parties may file summary judgment motions and *Daubert* motions, as appropriate.

**5. Amendment of Pleadings**

The Complaint was filed on July 26, 2023. Dkt. 1. Plaintiffs reserve the right to move to amend the Complaint to conform to the evidence uncovered in the course of discovery upon a demonstration of good cause, under Fed. R. Civ. P. 15.

**6. Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and agree to take reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action. The parties will continue to discuss agreement on an ESI protocol.

**7. Disclosures**

*Plaintiff statement:*

Plaintiff agrees to a stay of discovery in this matter until the Court has ruled on Defendant's motion to dismiss, but will request an immediate and efficient discovery scheduling plan following the Court's ruling on the motion. We dispute the characterization of the case in Defendant's statement below, but will respond in our opposition to the motion to dismiss rather than here.

*Defendant statement:*

1  Defendant proposes that discovery, including the requirements under Federal Rule of Civil
2  Procedure 26(a)(1), be stayed pending resolution of Defendant's motion to dismiss. This case presents
3  as an initial matter a purely legal question—namely, whether it is permissible under the Truth in
4  Lending Act and, derivatively, the California UCL to apply interest rate changes based on a publicly
5  available index retroactively to the charges made beginning on the first day of the billing cycle in
6  which the index changed. If the answer is yes, Plaintiff's claims must be dismissed in their entirety
7  and there is no amendment that could render Plaintiff's claims viable. In such a case, it would be a
8  waste of judicial and party resources to engage in intensive fact and/or class certification discovery
9  only to have the Court decide that Plaintiff's claims should not proceed past the pleadings. Thus a stay
10 of discovery is warranted here. *See Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002), *as
11 amended on denial of reh'g and reh'g en banc* (Apr. 17, 2002) (affirming grant of protective order
12 staying discovery pending resolution of a motion to dismiss for failure to state a claim); *Rutman Wine
13 Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (affirming a district court's denial of
14 discovery before ruling on defendant's motion to dismiss because "[i]t is sounder practice to determine
15 whether there is any reasonable likelihood that plaintiff can construct a claim before forcing the parties
16 to undergo the expense of discovery"); *Yamasaki v. Zicam LLC*, No. 21-cv-02596-HSG, 2021 U.S.
17 Dist. LEXIS 157156, at *5-6 (N.D. Cal. Aug. 19, 2021) (granting defendant's motion to stay in part
18 because the pending motion to dismiss would be fully briefed the next month and can be decided
19 without additional discovery, so there is "minimal risk of prejudice" and "both party and judicial
20 resources will be most efficiently used if discovery is stayed until the Court decides the pending motion
21 to dismiss").

**8. Discovery**

**a. Discovery Taken to Date**

To date, no discovery has been taken in this action.

**b. Scope of Discovery**

The Parties anticipate that discovery will address issues concerning liability, damages, class certification, and defenses.

**c. Proposed Limits or Modifications to Discovery Rules**

JT. CASE MGMT. STMT. - 4
Case No.: 3:23-CV-03709-AMO
011165-12/2358932 V1

1    Plaintiffs believe that this case will not warrant an increase from the presumptive limits on the
2    number of depositions set forth in Fed. R. Civ. P. 30. But the parties agree to meet and confer regarding
3    the appropriate number of depositions. If necessary, the Parties will seek the Court's assistance in
4    resolving any dispute about modifications to the discovery rules.

5    As noted above the Parties agree to a stay of discovery pending the Court's ruling on
6    Defendant's motion to dismiss.

### d. E-discovery

The Parties intend on reaching agreement on a protocol governing the production of electronically stored information ("ESI") that will govern document production and discovery in this case. If necessary, the Parties will seek the Court's assistance in resolving any e-discovery disputes.

### e. Discovery Plan

The Northern District of California's Guidelines for the Discovery of Electronically Stored Information, Guideline 2.02(d) instructs the Parties to adopt procedures "so that discovery occurs first from sources most likely to contain relevant and discoverable information and is postponed or avoided from [other] sources." The Parties agree that, if and when discovery commences, documents should be produced on a rolling basis. Privilege logs will be produced on a rolling basis.

### f. Discovery Disputes

There are no discovery disputes at this time.

### g. Protective Order

The parties have agreed to adopt this District's model Stipulated Protective Order for Standard Litigation (copy attached as Exhibit A) in this action.

**9. Class Actions**

Lead Plaintiff anticipates that he will move, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), to certify a class consisting of all Bank of America consumer credit card cardmembers who carried a card balance from at least one billing period to another between March 2022 and today on a variable rate credit card. All counsel of record for the Parties have reviewed the Procedural Guidance for Class Action Settlements.

**10. Related Cases**

The Parties are not aware of any cases that concern substantially the same parties, transactions, happenings or events, or would entail substantial duplication of labor if heard by different judges.

Defendant notes, however, that Plaintiff's counsel has filed a putative class action against American Express asserting nearly identical legal claims. Complaint, Theodore v. Am. Express Nat'l Bank, No. 3:23-cv-3710 (N.D. Cal. July 26, 2023), ECF No. 1.

**11. Relief**

Through this action, Plaintiff seeks (i) certification of the proposed Class and Subclass, including appointment of Plaintiffs' counsel as Class Counsel; (ii) actual damages, punitive and statutory damages, restitution, and injunctive relief prohibiting the defendant from engaging in the wrongful conduct alleged in the Complaint; (iii) reasonable attorneys' fees, costs, and pre-and-post-judgement interest; and (iv) such other or further relief as the Court may deem just and proper.

**12. Settlement and ADR**

The Parties have not engaged in settlement discussions. The Parties have met and conferred regarding ADR and agree that efforts to resolve this case through ADR are not appropriate at this time.

**13. Other References**

The Parties agree that the case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues**

The Parties are unable to agree at this stage of the proceedings to narrow the issues before the Court, but agree to remain in contact about ways to potentially narrow issues.

**15. Expedited Trial Procedure**

The Parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

**16. Scheduling**

The Parties continue to meet and confer regarding a proposed case schedule and will submit a proposed schedule within 30 days of the Court's ruling on a motion to dismiss, depending upon the ruling by the Court.

**17. Trial**

Plaintiff has requested a trial by jury. The Parties estimate that a trial may last between one and two weeks.

**18. Disclosure of Non-party Interested Entities or Persons**

Defendant filed its Certificate of Interested Entities on August 17, 2023. ECF No. 17. Plaintiff filed his Certificates of Interested Entities on October 19, 2023. ECF No. 27.

**19. Professional Conduct**

The attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

| | | |
|---|---|---|
| 1 | DATED this 26th day of October, 2023. | Respectfully submitted, |
| 2 | | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 3 | | |
| 4 | | By */s/ Shayne C. Stevenson* |
| | | Shayne Stevenson (*pro hac vice*) |
| 5 | | Breanna Van Engelen (*pro hac vice*) |
| | | 1301 Second Avenue, Suite 2000 |
| 6 | | Seattle, Washington 98101 |
| 7 | | Telephone: (206) 623-7292 |
| | | Facsimile: (206) 623-0594 |
| 8 | | steve@hbsslaw.com |
| | | shaynes@hbsslaw.com |
| 9 | | breannav@hbsslaw.com |
| 10 | | Ben M. Harrington |
| | | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 11 | | 715 Hearst Avenue, Suite 202 |
| 12 | | Berkeley, California 94710 |
| | | Telephone: (510) 725-3000 |
| 13 | | Facsimile: (510) 725-3001 |
| | | benh@hbsslaw.com |
| 14 | | |
| 15 | | Knoll D. Lowney, (*pro hac vice* forthcoming) |
| | | Claire Tonry (*pro hac vice*) |
| 16 | | SMITH & LOWNEY, PLLC |
| 17 | | 2317 E. John Street |
| | | Seattle, Washington 98112 |
| 18 | | Telephone: (206) 860-2883 |
| | | Facsimile: (206) 860-4187 |
| 19 | | knoll@smithandlowney.com |
| | | claire@smithandlowney.com |
| 20 | | |
| 21 | | *Attorneys for Plaintiff* |
| 22 | | O'MELVENY & MYERS LLP |
| 23 | | |
| 24 | | By */s/ Danielle Morris* |
| | | Danielle Morris (S.B. # 246295) |
| 25 | | dmorris@omm.com |
| | | 610 Newport Center Drive, 17th Floor |
| 26 | | Newport Beach, California 92660 |
| | | Telephone: (949) 823-6900 |
| 27 | | Facsimile: (949) 823-6994 |
| 28 | | |

JT. CASE MGMT. STMT. - 8
Case No.: 3:23-CV-03709-AMO
011165-12/2358932 V1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

William K. Pao (S.B. # 252637)
wpao@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

*Attorneys for Defendant Bank of America, N.A.*

JT. CASE MGMT. STMT. - 9
Case No.: 3:23-CV-03709-AMO
011165-12/2358932 V1

**ATTESTATION PURSUANT TO CIV. L.R. 5-1(i)(3)**

I hereby attest that concurrence in the filing of the foregoing document has been obtained from each of the other Signatories.

> */s/ Shayne C. Stevenson*
> Shayne C. Stevenson