1   Danielle Morris (S.B. # 246295)
    dmorris@omm.com
2   **O'MELVENY & MYERS LLP**
    610 Newport Center Drive, 17th Floor
3   Newport Beach, California 92660
    Telephone: (949) 823-6900
4   Facsimile: (949) 823-6994

5   William K. Pao (S.B. # 252637)
    wpao@omm.com
6   **O'MELVENY & MYERS LLP**
    400 South Hope Street, 18th Floor
7   Los Angeles, CA 90071
    Telephone: (213) 430-6000
8   Facsimile: (213) 430-6407

9   *Attorneys for Defendant Bank of America, N.A.*

10

11                **UNITED STATES DISTRICT COURT**

12      **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

13

14  AUSTIN MILLIKEN,                          Case No. 3:23-cv-3709-AMO

15              Plaintiff,                     **DEFENDANT BANK OF AMERICA
                                               N.A.'S NOTICE OF MOTION AND
16      v.                                     UNOPPOSED MOTION TO STAY;
                                               MEMORANDUM OF POINTS AND
17  BANK OF AMERICA N.A.,                      AUTHORITIES IN SUPPORT THEREOF**

18              Defendant.                     Hearing Date: Jan. 4, 2024
                                               Time:  2:00pm
19                                             Judge:  Hon. Araceli Martínez-Olguín
                                               Courtroom: Courtroom 10; 19th Floor
20
                                               Complaint Filed: July 26, 2023
21

22

23

24

25

26

27

28

1

## NOTICE OF MOTION AND UNOPPOSED MOTION

2

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

3

PLEASE TAKE NOTICE that on January 4, 2024, at 2:00pm, or as soon thereafter as this

4 matter may be heard by the Honorable Araceli Martínez-Olguín, in Courtroom 10, 19th Floor of

5 the above-entitled Court located at 450 Golden Gate Avenue, San Francisco, CA 94102,

6 Defendant Bank of America, N.A. (the "Bank") will, and hereby does, move the Court for an

7 order staying discovery pending resolution of the Bank's Motion to Dismiss plaintiff Austin

8 Milliken's Complaint (Dkt. 19).  This Motion is based on this Notice of Motion and Unopposed

9 Motion, the following Memorandum of Points and Authorities, and such other written and oral

10 argument as may be presented to the Court.  Counsel for the Bank has conferred with counsel for

11 plaintiff, and plaintiff's counsel has stated that plaintiff does not oppose the Bank's motion.

12

13 Respectfully submitted,

14 Dated:  November 2, 2023

15

By: */s/ Danielle Morris*
Danielle Morris

16

*Attorney for Defendant Bank of America,*
*N.A.*

17

18

19

20

21

22

23

24

25

26

27

28

DEF.'S UNOPPOSED MOTION
TO STAY DISCOVERY
CASE NO. 3:23-CV-3709-AMO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION .......................................................................................................... 1

II.     BACKGROUND FACTS ............................................................................................. 1

III.    LEGAL STANDARD ................................................................................................... 2

IV.     ARGUMENT ................................................................................................................. 3

V.      CONCLUSION .............................................................................................................. 4

i

1

# TABLE OF AUTHORITIES

2

Page(s)

3

**CASES**

4

*Barrett v. Apple, Inc.*,
    2020 WL 13815568 (N.D. Cal. Oct. 22, 2020)..................................................................3

5

*Calvary Chapel San Jose v. Cody*,
6
    2021 WL 5353883 (N.D. Cal. Nov. 12, 2021)..................................................................3

7

*Hall v. Tilton*,
    2010 WL 539679 (N.D. Cal. Feb. 9, 2010).......................................................................3

8

*Meta Platforms, Inc. v. Voyager Labs LTD.*,
9
    2023 WL 4828007 (N.D. Cal. July 26, 2023)..................................................................3

10

*Rutman Wine Co. v. E. & J. Gallo Winery*,
    829 F.2d 729 (9th Cir. 1987)............................................................................................4

11

*Wenger v. Monroe*,
    282 F.3d 1068 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en*
12
    *banc* (Apr. 17, 2002)........................................................................................................4

13

*Yamasaki v. Zicam LLC*,
    2021 U.S. Dist. LEXIS 157156 (N.D. Cal. Aug. 19, 2021)............................................4

14

**STATUTES**

15

15 U.S.C. § 1601...........................................................................................................................1

16

15 U.S.C. § 1637(i)(1)..................................................................................................................2

17

15 U.S.C. § 1666i-1......................................................................................................................1

18

15 U.S.C. § 1666i-1(a)..................................................................................................................2

15 U.S.C. § 1666i-1(b)(2).............................................................................................................2

19

Cal. Bus. & Prof. Code §§ 17200, *et seq.*..................................................................................1

20

**RULES**

21

Fed. R. Civ. P. 26(c).....................................................................................................................3

22

**REGULATIONS**

12 C.F.R. § 1026.55(b)(2).............................................................................................................2

23

24

25

26

27

28

DEF.'S UNOPPOSED MOTION
TO STAY DISCOVERY
CASE NO. 3:23-CV-3709-AMO

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.   INTRODUCTION

3       Defendant Bank of America, N.A. respectfully requests that discovery in this action be

4   stayed until the Court has resolved the Bank's motion to dismiss plaintiff's complaint (Dkt. 19).

5   Because the Motion to Dismiss is potentially dispositive of plaintiff's claims and no discovery is

6   needed to resolve the Motion to Dismiss, a temporary stay of discovery pending resolution of the

7   Motion to Dismiss is appropriate and would conserve the parties' resources and expenses while

8   promoting efficiency.  Plaintiff does not oppose the Bank's request to stay discovery.

9

### II.   BACKGROUND FACTS

10       Plaintiff filed this action in the United States District Court for the Northern District of

11   California on July 26, 2023.  Dkt. 1 ("Compl.").  Plaintiff's claims arise under the Truth in

12   Lending Act (15 U.S.C. §§ 1601, 1666i-1) ("TILA"), as amended by the Credit Card

13   Accountability Responsibility and Disclosure Act of 2009 ("CARD Act"), and the California

14   Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*) ("UCL").  Plaintiff holds a

15   variable-rate credit card issued by Bank of America.  Compl. ¶ 42.  Unlike fixed-rate credit cards,

16   variable-rate cards allow customers to take advantage of future rate decreases, while taking on the

17   risk that rates may increase at times as well.  The terms of the Bank's variable-rate cards are

18   disclosed in a Credit Card Agreement that consumers agree to when signing up for a card.

19   Compl. ¶¶ 37, 40.  Under the terms of that agreement, interest rates for variable-rate cards are tied

20   to—and will increase or decrease along with—the U.S. Prime Rate, a publicly available

21   benchmark interest rate.  Dkt. 19 Ex. A; *see* Dkt. 19 at 1 n.2 (discussing why it is proper for the

22   Court to reference the Credit Card Agreement in Exhibit A).  Plaintiff alleges that since March

23   2022 the Bank has adjusted the interest rate on his variable-rate credit card multiple times.

24   Compl. ¶¶ 9, 42.  Plaintiff alleges that the Bank applied the new interest rate to future amounts as

25   well as to amounts plaintiff had charged earlier in the billing cycle in which the interest rate

26   adjusted.  *See, e.g.*, Compl. ¶ 38.  Plaintiff contends that the Bank's application of the new

27   interest rate to purchases made earlier in the applicable billing cycle rendered the Bank's interest

28   rate "proprietary" under the CARD Act rather than "tied to" to the U.S. Prime Rate and that,

DEF.'S UNOPPOSED MOTION
TO STAY DISCOVERY
CASE NO. 3:23-CV-3709-AMO

therefore, retroactive application (which the CARD Act permits for variable-rate cards tied to an index) to charges incurred before the index changed violated TILA, as amended by the CARD Act.  Compl. ¶ 41.  Plaintiff claims that the rate increases caused him to incur excessive interest during the relevant period.  Compl. ¶ 43.  Plaintiff asserts claims individually and on behalf of all Bank of America consumer credit card cardmembers who carried a card balance from at least one billing period to another between March 2022 and today on a variable rate credit card while a resident of the State of California.

The Bank moved to dismiss plaintiff's complaint in its entirety on September 22, 2023.  Dkt. 19.  As explained further in the Bank's Motion to Dismiss, plaintiff fails to state a claim under TILA and the UCL.  The CARD Act requirements on which plaintiff's claims rely are subject to an exception for variable-rate credit cards, and that exception plainly applies here based on the allegations in plaintiff's complaint.  The CARD Act generally requires credit-card issuers to "provide written notice of an increase in an annual percentage rate . . . not later than 45 days prior to the effective date of the increase," 15 U.S.C. § 1637(i)(1), and prohibits card issuers from applying any increased rate to existing balances, 15 U.S.C. § 1666i-1(a).  But with respect to variable-rate credit cards, a card issuer need not provide 45-day advance notice and may apply rate increases to existing credit card balances, so long as such rate increases are done "in accordance with a credit card agreement that provides for changes in the rate according to operation of an index that is not under the control of the creditor and is available to the general public."  15 U.S.C. § 1666i-1(b)(2); *see also* 15 U.S.C. § 1637(i)(1) (referring to § 1666i-1(b)(2)); 12 C.F.R. § 1026.55(b)(2).  Here, plaintiff expressly alleges that the Credit Card Agreement discloses the operation of the variable interest rate, Compl. ¶ 40, and that rate increases are tied to the U.S. Prime Rate, Compl. ¶¶ 9, 40.  Straightforward application of the variable-rate exception thus makes clear that plaintiff has not alleged any violation of TILA or, derivatively, of the UCL.

Plaintiff's opposition to the Bank's Motion to Dismiss is due by November 21, 2023, and the Bank's reply in support of its Motion to Dismiss is due by January 20, 2024.  Dkt. 24.

### III.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(c), "[t]he court may, for good cause, issue an

DEF.'S UNOPPOSED MOTION
TO STAY DISCOVERY
CASE NO. 3:23-CV-3709-AMO

order to protect a party or person from annoyance, embarrassment, oppression, or undue burden

or expense[.]" Fed. R. Civ. P. 26(c).  District courts have "broad discretion to stay discovery

pending the disposition of a dispositive motion." *Hall v. Tilton*, 2010 WL 539679, at *2 (N.D.

Cal. Feb. 9, 2010).  Courts in this district apply a two-pronged test to determine whether

discovery should be stayed pending resolution of a dispositive motion.  *Meta Platforms, Inc. v.*

*Voyager Labs LTD*., 2023 WL 4828007, at *1 (N.D. Cal. July 26, 2023) (Martínez-Olguín, J.).

That test looks first at "whether the pending motion is potentially dispositive of the entire case,"

and second at "whether the pending motion can be decided absent additional discovery."  *Id.*

(citing *Barrett v. Apple, Inc*., 2020 WL 13815568, at *1 (N.D. Cal. Oct. 22, 2020)).  "If the Court

answers these two questions in the affirmative, a protective order may issue." *Id.* (citation

omitted).

## IV.   ARGUMENT

Under the two-prong test used by this Court, a stay of discovery is appropriate here:  the

Bank's Motion to Dismiss may resolve this litigation entirely, and the resolution of the Motion to

Dismiss does not require any discovery.  Plaintiff does not oppose staying discovery, and staying

discovery pending resolution of the Motion to Dismiss will avoid a potentially unnecessary

burden on both the parties and the Court.

***First***, the Bank's Motion to Dismiss may potentially dispose of this entire case.  In order

to satisfy this first prong, it is not necessary for the defendant to be certain or likely to prevail on

their motion to dismiss; "it is sufficient that [a defendant's] motion is *potentially* dispositive of

the entire case to receive a limited stay of discovery." *Calvary Chapel San Jose v. Cody*, 2021

WL 5353883, at *2 (N.D. Cal. Nov. 12, 2021) (quotation marks omitted) (emphasis in original).

That is precisely the case here.  Plaintiff's complaint, and the Bank's Motion to Dismiss, present a

purely legal question—namely, whether it is permissible under TILA (and, derivatively, the UCL)

to apply interest rate changes based on a publicly available index retroactively to the charges

made beginning on the first day of the billing cycle in which the index changed.  If the answer is

yes, plaintiff's claims must be dismissed in their entirety and there is no amendment that could

render plaintiff's claims viable.

DEF.'S UNOPPOSED MOTION
TO STAY DISCOVERY
CASE NO. 3:23-CV-3709-AMO

**Second**, no discovery is needed to decide the Bank's Motion to Dismiss.  As noted, the arguments raised in the Bank's Motion to Dismissed are legal, and they are based entirely on the Complaint allegations, incorporated documents, or judicially noticeable sources.  No facts determined through discovery would affect the viability of plaintiff's legal arguments.

In a case like this, it would be a waste of judicial and party resources to engage in intensive fact and/or class certification discovery only to have the Court decide that plaintiff's claims should not proceed past the pleadings.  *See Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 17, 2002) (affirming grant of protective order staying discovery pending resolution of a motion to dismiss for failure to state a claim); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (affirming a district court's denial of discovery before ruling on defendant's motion to dismiss because "[i]t is sounder practice to determine whether there is any reasonable likelihood that plaintiff can construct a claim before forcing the parties to undergo the expense of discovery"); *Yamasaki v. Zicam LLC*, 2021 U.S. Dist. LEXIS 157156, at *5-6 (N.D. Cal. Aug. 19, 2021) (granting defendant's motion to stay in part because the pending motion to dismiss would be fully briefed the next month and could be decided without additional discovery, so there was "minimal risk of prejudice" and "both party and judicial resources [would] be most efficiently used if discovery [was] stayed until the Court decide[d] the pending motion to dismiss").

## V.   CONCLUSION

Particularly in light of plaintiff's non-opposition to this motion, the Bank respectfully requests that the Court exercise its discretion to temporarily stay all discovery pending resolution of the Bank's Motion to Dismiss.

Dated:  November 2, 2023

By: */s/ Danielle Morris*
Danielle Morris
O'MELVENY & MYERS LLP

*Attorney for Defendant*

DEF.'S UNOPPOSED MOTION
TO STAY DISCOVERY
CASE NO. 3:23-CV-3709-AMO